UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00811-CJC(ANx)                    Date: October 1, 2009

Title: JOHN H SCHMIDT v. BRIGGS VENTURES, INC. ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Michelle Urie                                         N/A
Deputy Clerk                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                      None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** [filed 09/10/09]

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for October 5, 2009 at 1:30 p.m. is hereby vacated and off calendar.

**Background**

This case arises from a dispute between Plaintiff John Schmidt, a coin collector, and Defendants Briggs Ventures, Inc. and Christian Briggs (collectively "Briggs"), a business concerned with coin collecting. In 2007, Mr. Schmidt received written materials from Briggs soliciting him to send his coin collection to Briggs for a "free evaluation." (Briggs' Statement of Uncontroverted Facts ¶ 1.) In November 2007, after speaking with Briggs by telephone concerning his offer, Mr. Schmidt sent Briggs 58 coins valued at $150,000 for Briggs' evaluation. (Briggs' Statement of Uncontroverted Facts ¶ 2.) Briggs contends that Mr. Schmidt requested that Briggs trade some of his common U.S. coins and that Briggs have some of his coins updated through an independent coin grading service. (Briggs Aff. ¶ 3.) Mr. Schmidt contends that he explicitly instructed Briggs on multiple occasions not to sell his coins without his consent, including November 18, 2007, which he alleges was the first time that Briggs suggested a trade. (Schmidt Aff. ¶ 6-8.) Briggs succeeded in having the coins updated and in December 2007, Briggs notified Mr. Schmidt that he had traded 46 of his coins for three coins.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00811-CJC(ANx)                               Date:  October 1, 2009
                                                              Page 2

(Schmidt Aff. ¶ 9.)  Mr. Schmidt alleges that he objected to this and demanded the return of his coins, but Briggs had already delivered the coins to a customer.  (Schmidt Aff. ¶ 9.)  Mr. Schmidt now moves for partial summary judgment on his telemarketing fraud, unfair business practices and conversion causes of action.  Briggs requests that the Court deny Mr. Schmidt's motion based on, *inter alia*, Rule 56(f) of the Federal Rules of Civil Procedure.  For the following reasons, Mr. Schmidt's motion is DENIED.

**Legal Standard**

Summary judgment is proper if the evidence before the Court "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party bears the initial burden of demonstrating either that there are no genuine material issues or that the opposing party lacks sufficient evidence to carry its burden of persuasion at trial.  *Celotex Corp. v. Catrett*, 477 U.S. at 325; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).  Once this burden has been met, the party resisting the motion "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.  In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The court does not make credibility determinations, nor does it weigh conflicting evidence.  *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

Rule 56(f) of the Federal Rules of Civil Procedure provides:

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00811-CJC(ANx)                                        Date: October 1, 2009
                                                                                              Page 3

---

      (3) issue any other just order.

To obtain postponement or denial for further discovery, the opposing party must submit a declaration that demonstrates (1) facts indicating a likelihood that controverting evidence exists as to a material fact; (2) specific reasons why such evidence was not discovered or obtained earlier in the proceedings; (3) the steps or procedures by which the opposing party proposes to obtain such evidence within a reasonable time; and (4) an explanation of how those facts will suffice to defeat the pending summary judgment motion. *Tatum v. City & Cty. Of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 1101); *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007); *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006).

**Analysis**

      Briggs has met Rule 56(f)'s requirements. Importantly, despite counsel's efforts, Briggs has not yet had an opportunity to depose Mr. Schmidt. (Holdsworth Decl. ¶¶ 6-9.) Briggs has provided a sufficient explanation as to why this has not yet occurred and why Mr. Schmidt's deposition will be of value to Briggs in opposing the currently pending motion. Mr. Schmidt's deposition in California was canceled due to Mr. Schmidt's illness. Briggs' counsel offered to take Mr. Schmidt's deposition in Pennsylvania, where Mr. Schmidt is living, but counsel requested reimbursement for costs. (Holdsworth Aff. ¶ 7.) The parties could not come to an agreement concerning when and where Mr. Schmidt's deposition would be taken, accordingly, Briggs filed a Joint Stipulation re motion to compel Mr. Schmidt's deposition, which is to be heard by the Magistrate Judge assigned to this case, Judge Nakazato, on October 8, 2009. (Holdsworth Decl. ¶ 9.)

      Briggs' counsel, Mr. Holdsworth, also submitted a declaration in which he stated that Mr. Schmidt's deposition will reveal the character of his interactions with Briggs, and that these facts may be able to establish that (1) Briggs was not a "telephonic seller" because he did not solicit Schmidt by telephone, (2) the discussions between Schmidt and Briggs regarding the coin trade were initiated by Schmidt, (3) Schmidt authorized Briggs to trade Schmidt's coins, (4) Briggs traded Schmidt's coins in accordance with his instructions, and (5) Schmidt did not make any written request not to have his coins traded until after the trade had been executed by Briggs. (Holdsworth Decl. ¶ 10.) Briggs argues that these facts

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-00811-CJC(ANx)                                Date: October 1, 2009
                                                                                                Page 4

would undermine the pending summary judgment motion because they would negate several of Mr. Schmidt's Uncontroverted Facts concerning his dealings with Briggs. (Holdsworth Decl. ¶ 11.) Considering that Briggs has not yet had an opportunity to depose a central witness to the transactions at issue, the Court finds that Briggs' representations concerning its belief that facts it requires are within Mr. Schmidt's exclusive knowledge are sufficient to deny the pending summary judgment motion.

**Conclusion**

      For the foregoing reasons, Mr. Schmidt's motion for partial summary judgment is DENIED.

imd

MINUTES FORM 11
CIVIL-GEN                                                                                   Initials of Deputy Clerk MU